THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* LUIS PÉREZ PEÑA, Defendant and Appellant.

No. 8851.   Argued November 3, 1941.—Decided November 10, 1941.

452

*A. D. Marchand Paz* for appellant. *George A. Malcolm, Attorney General, R. A. Gómez, Prosecuting Attorney* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Luis Pérez Peña was charged with possessing an unregistered firearm, in violation of the provisions of Section 7 of Act No. 14 of 1936. It was expressly charged in the information against him that—

". . . . on or about February 29, 1940, in the city of San Juan . . . . he did unlawfully and wilfully have in his possession and control a pistol, without having declared the same in writing to the Chief of Police of San Juan, P. R., which is the district where the defendant resides; . . . ."

The information was sworn to and subscribed on April 4, 1940. On the 14th of the following June, the cause was called for trial and the defendant through his attorney pleaded not guilty. After the evidence was heard, he was found guilty of the offense charged and sentenced to serve six months in jail, without costs.

Thereupon he appealed, and in his brief he has assigned a single error, to wit: "that the information is insufficient because it fails to allege the residence of the defendant."

Indeed, if this were so, we should have to hold that he is right, because the residence of the wilful and unlawful possessor of a firearm not registered in the municipal or police district where said weapon is kept is an essential element of the offense, as was held by this court in *People* v. *Díaz,* 55 P.R.R. 611.

We know what the information alleges, but the appellant insists that the same is not sufficient, because, according to him, its sole meaning is that the defendant was

residing in San Juan on April 4, 1940, when the information was filed, and it can not be inferred from this that he was residing in San Juan on February 29, 1940, when the offense was committed. He cites in support of his contention the rule stated in 20 Am. Jur. 208, to the effect that the presumption of the continued existence of a person, a personal relation, or a state of things is prospective, and not retrospective.

In order to justly determine the question involved, let us see how it was raised and decided at the trial.

Policeman Salvador Díaz Virella was called to the stand and after testifying that on February 2, 1940, at about 3:30 p. m., in the entrance hall of house No. 21 on San José Street, San Juan, he seized from the defendant the pistol admitted in evidence, he was asked, "do you know where the defendant lives?", and the following incident occurred:

"ATTORNEY FOR DEFENDANT: I object, especially because it has been held by our Supreme Court—and Your Honor knows the rule —that in order that an information of this kind may contain the defendant at the time of the commission of the offense, and that is not alleged in this information.

"DISTRICT ATTORNEY: The district where the defendant resides is alleged.

"ATTORNEY FOR DEFENDANT: I wish to inform the district attorney in advance that we are not going to take advantage of technicalities, because we have faith in our case when all the witnesses have testified.

"JUDGE: The court understands that what is meant in the information is the district where he was residing, and thinks that the question is permissible.

"ATTORNEY FOR DEFENDANT: I take exception.

"Q.—In what town was defendant living at the time of the occurrence?

"ATTORNEY FOR DEFENDANT: I object for the purpose of the record.

"JUDGE: Objection overruled.

"ATTORNEY FOR DEFENDANT: I take exception.

"A.—He told me he resided in Eduardo Conde Street, Seboruco, Santurce."

If the action of the court was correct, the error assigned must fully collapse, because then it could not be maintained that the essential requisite as to residence had not been alleged.

In our opinion, in view of the wording of the information, it can not be maintained that it admits of no other interpretation than that the residence alleged therein exclusively refers to defendant's residence at the time of the filing of the document in court.

Without resorting to any presumption, and taking into account all the attendant circumstances of the case, we think that the information is susceptible of the construction given to it by the district court, that is, in the sense that the residence as alleged meant the residence which the defendant had at the time he violated the law and which he kept when the information was filed.

There is involved, at the most, an information which is ambiguous as regards the residence, and which comes within the scope of the doctrine laid down in *People* v. *Rivera,* 54 P.R.R. 346, 348, thus:

"Therefore, in the manner in which the information is drawn up, a demurrer for not alleging an offense would not lie. What the accused should have done was to request the Court at the arraignment to order the District Attorney to make the information more specific. He did not do so and chose to go to trial without raising any objection thereby waiving his right to have the information made clear and free from ambiguity. As it is said in the syllabus of the case of *People* v. *Descartes,* 51 P.R.R. 629:

" 'Mere doubts in the allegations of a complaint cannot be objected to on appeal when no objection has been taken to the complaint in the lower court.' "

We do not think that any error was committed. No substantial right of the defendant was prejudiced. He had timely notice of the charge such as the same was filed. If he did not reside in San Juan he had plenty of time to prove it.

His position, purely technical and contrary to the facts, should not prevail. See *People* v. *Olmo*, 56 P.R.R. 384, 392.

The judgment appealed from will be affirmed.